IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____
                                  )
RONALD L. COLLINS,                )
                                  )
    Plaintiff,                    )
                                  )     No. 12-3085-JPM-dkv
vs.                               )
                                  )
WASTE MANAGEMENT,                 )
                                  )
    Defendant.                    )
                                  )
_____

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
_____

On December 19, 2012, the plaintiff, Ronald L. Collins ("Collins"), filed a *pro se* complaint against the defendant, Waste Management, Inc. of Tennessee ("Waste Management"), alleging disability-based retaliation for filing a previous complaint and denial of reasonable accommodations in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA"). (Compl., D.E. 1.) Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (Mot., D.E. 2.) On December 20, 2012, the court issued an order denying Collins leave to proceed *in forma pauperis* and requiring him to pay the required filing fee within thirty days. (Order, D.E. 3.) On January 11, 2013, Collins paid the $350 filing fee, and the case was referred to the *pro se* staff attorney for screening. (D.E. 4.) This case has now

been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Order of Reference, D.E. 7.)

Now before the court is the April 5, 2013 motion of Waste Management to dismiss Collins's complaint for failure to state a claim upon which relief can be granted. (Mot., D.E. 8.) Collins filed a response in opposition, (Resp., D.E. 13), and Waste Management filed a reply, (Reply, D.E. 14). For the reasons that follow, it is recommended that Waste Management's motion to dismiss be granted as to the Title VII claim in Collins's complaint and denied as to the ADA claim in the complaint.

I. PROPOSED FINDINGS OF FACT

Collins filed his complaint on a court-supplied form styled "Complaint under Title VII of the Civil Rights Act of 1964." In the complaint, Collins alleges that Waste Management "failed to comply with American Disability Act 1964." (D.E. 1 at 2.) He did not check any of the boxes for a protected class under Title VII. In describing the circumstances that gave rise to his allegation of discrimination, Collins states that he did not work from August 2011 to November 2011 due to short-term disability ("STD") and that upon returning to work, on or about November 23, 2011, he was placed under restrictions by his

2

primary-care physician, a Dr. William Little. He claims that Waste Management initially declined to make reasonable accommodations for his work restrictions but that an agreement to accommodate the restrictions was eventually reached; he claims, however, that three weeks after that agreement, Waste Management violated the agreed-upon accommodations. The complaint further alleges that in January 2012, Collins filed an internal complaint with the company's human resources department ("HR") that he was being harassed because of his disability by a Waste Management Supervisor, Charles Rice ("Rice"). Collins alleges that after and as a result of his complaint to HR, he was "written up" twice for issues that were overlooked as to other employees and that Rice personally delayed Collins's STD approval for two months.

The complaint states that Collins filed charges against Waste Management with the Equal Employment Opportunity Commission ("EEOC") on July 25, 2012, alleging discrimination based on a disability and retaliation and that the EEOC issued a Notice of Right to Sue which was received by him on September 19, 2012. Attached to his complaint is the right-to-sue notice mailed by the EEOC on September 19, 2012.

Waste Management seeks dismissal of Collins's Title VII claim because Collins only asserts that he was discriminated and retaliated against based on his disability, which is not an

actionable basis for a discrimination claim under Title VII. Waste Management seeks dismissal of Collins's ADA claim as being time-barred because his complaint was not filed within ninety days of receipt of the right-to-sue notice from the EEOC.

II.  PROPOSED CONCLUSIONS OF LAW

A.  Standard on Motion to Dismiss

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappen*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(quoting *Iqbal*, 556 U.S. at 681)(alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to

see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("A court cannot create a claim which [a plaintiff] has not spelled out in his pleading")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are

5

properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

B. Collins's Title VII Claim

The essential elements of a Title VII discrimination claim are (1) that the plaintiff is a member of a protected group; (2) that he was subjected to an adverse employment decision; (3) that he was qualified for the position; and (4) that either similarly situated nonprotected employees were treated more favorably or he was replaced by someone outside his protected class. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

In the instant case, Collins alleges that he was discriminated against solely based on his disability. He does not claim he is a member of a protected group under Title VII. Because his disability does not place him in a Title VII-protected status, his claim does not invoke Title VII. Collins does not oppose the dismissal of his Title VII claim. Accordingly, Waste Management's motion to dismiss Collins's Title VII claim should be granted.

C. Collins's ADA claim

Waste Management takes the position that Collins's ADA claim is time-barred because he failed to file his lawsuit within ninety days after he received the EEOC right-to-sue

notice. According to Collins's complaint, Collins received the EEOC's dismissal and notice of right to sue on September 19, 2012, allowing him ninety days to file a lawsuit with the court. Collins submitted his complaint to the Clerk of Court for filing on December 19, 2012, along with an application to proceed *in forma pauperis*, which application was denied. Collins paid the filing fee on January 11, 2013. Waste Management therefore asserts that Collins's complaint was not filed until January 11, 2013, when he paid the filing fee, and should be dismissed because it was filed twenty-three days after the ninety-day filing period had concluded.

Collins opposes the dismissal of his ADA claim as being time-barred. In his response to the motion to dismiss, Collins asserts that he incorrectly stated in his complaint that he received the EEOC notice of right to sue on September 19, 2012, and because the letter was in fact mailed on that particular date by the EEOC, it would have been physically impossible for him to receive the letter on the same day that it was mailed. He claims that he actually received the letter several days after September 19, 2012, and by filing his suit on December 19, 2012, he filed within the required ninety-day period.

In addition, Collins insists his lawsuit was timely filed even though he did not pay the required filing fee until January 11, 2013. Collins points out that on December 20, 2012, when

7

the court denied his *in forma pauperis* application and ordered him to pay the required filing fee, the court allowed him thirty days from the date of the order in which to pay the filing fee. Collins paid the filing fee on January 11, 2013, in compliance with the court order. Thus, he argues, his ADA complaint should not be dismissed.

Under 42 U.S.C. § 12117(a), an employee seeking relief under the ADA must file a civil action within ninety days of the receipt of the notice of right to sue from the EEOC. *McGhee v. Disney Store*, No. 02-5420, 2002 WL 31780928, at *1 (6th Cir. Dec. 11, 2002). A claimant must demonstrate to the court that the time limit for filing his lawsuit has not expired. A civil action is commenced by filing a complaint with the court and paying the filing fee. 28 U.S.C. § 1914(a); FED. R. CIV. P. 3; *Truitt v. Cnty. of Wayne*, 148 F.3d 644, 647 (6th Cir. 1998).

Here, Collins stated in his complaint that the notice of right to sue was both mailed by the EEOC and received by him on the same day, September 19, 2012, which is physically impossible. Collins asserts in his response to the motion to dismiss that he incorrectly stated the date he received the notice, but he did not offer the actual date it was received. There is a presumption in the Sixth Circuit that a notice of right to sue is received by the addressee within five days of the date it was mailed by the EEOC. *Banks v. Rockwell Int'l N.*

*Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988); *Vinson v. The Kroger Co.*, No. 3-06-1158, 2007 WL 1623851, at *2 (M.D. Tenn. June 1, 2007). Applying the presumption, Collins had ninety days from September 24, 2012, in which to commence a lawsuit, that is, until December 23, 2012.[1] Collins filed his complaint with the clerk's office along with an application to proceed *in forma pauperis* on December 19, 2012. Thus, his complaint and application were submitted to the Clerk's office within the ninety-day period.

In *Truitt v. County of Wayne*, the Sixth Circuit held that the ninety-day time period is tolled while an *in forma pauperis* application is pending, but it resumes running when the application is denied. *Truitt*, 148 F.3d at 648 (holding "it is proper for a district court to deem a complaint 'filed' only when IFP status is granted or the appropriate filing fee is paid, rather than at the time a complaint is delivered to the clerk of a court"). The court denied Collins's *in forma pauperis* application on December 20, 2012, at which time the ninety-day time period resumed running. Collins had four days remaining of the original ninety-day period in which to pay the filing fee, that is, until December 24, 2012. Collins did not pay the filing fee until January 11, 2013. Thus, because

---

[1] Because December 23, 2012, fell on a Sunday, he had through the next day, December 24, 2012, to commence a lawsuit.

Collins failed to pay the filing fee within ninety days of receiving the right-to-sue letter, Collins failed to timely file his complaint.

D.  Equitable Tolling

The time limitations for filing discrimination actions, however, are not jurisdictional. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982). The Supreme Court has held that the limitations period for filing a charge with the EEOC "is subject to waiver, estoppel, and equitable tolling." *Id.* That analysis has also been applied to the ninety-day period that commences with the receipt of the right-to-sue letter. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 354 (1983). However, "[f]ederal courts have typically extended equitable relief only sparingly." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990); *see also Dixon v. Gonzales*, 481 F.3d 324, 331 (6th Cir. 2007); *Steiner v. Henderson*, 354 F.3d 432, 435 (6th Cir. 2003). "Equitable tolling, or waiver . . . is available only in compelling cases which justify a departure from established procedures." *Puckett v. Tenn. Eastman Co.*, 889 F.2d 1481, 1488 (6th Cir. 1989).

"Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum, Inc.*, 209

F.3d 552, 560-61 (6th Cir. 2000). The factors "relevant to a determination of whether equitable tolling should be allowed" are "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Dixon*, 481 F.3d at 331; *see also Amini v. Oberlin Coll.*, 259 F.3d 493, 500 (6th Cir. 2001). "[T]he five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. The decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Amini*, 259 F.3d at 500 (internal citation omitted); *see also Dixon*, 481 F.3d at 331.

Applying these standards, the Sixth Circuit has consistently rejected the most common arguments made by plaintiffs in favor of equitable tolling. Thus, for example, claims that a *pro se* plaintiff was ignorant of the legal requirements or incorrectly calculated the applicable time periods are insufficient to justify tolling:

> Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control. . . . Absent compelling equitable considerations, a court should not extend limitations by even a single day.

*Graham-Humphreys, Inc.*, 209 F.3d at 560-61; *see also Johnson v. U.S. Postal Serv.*, No. 86-2189, 1988 WL 122962, at *3 (6th Cir. Nov. 16, 1988)(refusing to apply equitable tolling when *pro se* litigant missed filing deadline by one day). Moreover, the absence of prejudice to the defendant, standing alone, is insufficient to justify equitable tolling in the absence of an "independent basis for invoking the doctrine." *Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151-52 (1984)(per curiam). In *Baldwin County Welcome Center v. Brown*, the Supreme Court gave examples of conduct that would and would not justify equitable tolling:

> This is not a case in which a claimant has received inadequate notice; or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon; or where the court has led the plaintiff to believe that she had done everything required of her. Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction.

*Baldwin Cnty.*, 466 U.S. at 151.

Although a suit is not considered filed until the required filing fee is paid, the instant case is one of those where equitable tolling would be justified. When the court denied Collin's *in forma pauperis* application and ordered him to pay the required filing fee, the court allowed him thirty days from the date of the order in which to pay the filing fee. Collins diligently paid the filing fee on January 11, 2013, in

12

compliance with the court's thirty-day requirement. Had the court not told Collins that he had thirty days from December 20, 2012, in which to pay the filing fee, Collins may have timely paid the filing fee on or before December 24, 2012. Instead, the court led him to believe that paying the filing fee within thirty days of the court's order was sufficient to prevent dismissal. It was reasonable for him to rely on the court's order setting forth the time in which he was permitted to pay the filing fee. Under the five factors, his diligence in pursuing his rights, his reasonableness in remaining ignorant of the fact that he only had four days after the court's denial of his *in forma pauperis* application, and the lack of prejudice to Waste Management justifies equitable tolling of the filing period. Under these circumstances, Collins's ADA claim should not be considered time-barred even though the fee was not paid within the ninety-day period from receipt of the EEOC's notice of right to sue.

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that Waste Management's motion to dismiss be granted as to the Title VII claim and denied as to the ADA claim.

Respectfully submitted this 26th day of July, 2013.

s/Diane K. Vescovo
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b)(2).  Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.