```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| RONALD L. COLLINS,            )<br>     Plaintiff,            )<br>                               )<br>v.                             )<br>                               )<br>WASTE MANAGEMENT,              )<br>     Defendant.            )  | No. 2:12-cv-03085-JPM-dkv |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION; GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS**

Before the Court is the Magistrate Judge's "Report and Recommendation on Defendant's Motion to Dismiss" (the "Report and Recommendation"), filed on July 26, 2013.  (See ECF No. 15.)  In the Report and Recommendation, the Magistrate Judge makes two recommendations:  "that [Defendant's] motion to dismiss be granted as to the Title VII claim and denied as to the ADA claim."  (Id. at 13.)

On August 9, 2013, Defendant timely filed its Objection to the Report and Recommendation (ECF No. 16).  See Fed. R. Civ. P. 72(b)(2).  Plaintiff did not file a response to Defendant's Objection.  See id.

For the reasons stated below, the Court ADOPTS the recommendations in the Report and Recommendation (ECF No. 15) in their entirety.

I.  **BACKGROUND**

This action involves claimed violations of Title VII of the Civil Rights Act of 1964 ("Title VII") and the Americans with Disabilities Act ("ADA").  (See ECF No. 1 at PageID 1–3.)[1]

In a Complaint filed on December 19, 2012, Ronald L. Collins ("Plaintiff"), who is proceeding pro se, asserts that he filed charges against Defendant with the Equal Employment Opportunity Commission ("EEOC") on July 25, 2013, and received a Notice of Right to Sue ("RTS") from the EEOC on September 19, 2012.  (See id. at PageID 2.)  Plaintiff's Complaint "alleg[es] disability-based retaliation for filing a previous complaint and denial of reasonable accommodations."  (ECF No. 15 at 1; see also ECF No. 1 at PageID 1–3.)  Plaintiff also sought leave to proceed in forma pauperis on December 19, 2012.  (ECF No. 2.)  On December 20, 2012, the Court denied leave to proceed in forma pauperis and ordered Plaintiff to pay the required $350 filing fee within thirty (30) days of the date of entry of the denial.  (ECF No. 3.)  Plaintiff timely paid the required fee on January 11, 2013.  (ECF No. 4.)

On April 5, 2013, Defendant filed a Motion to Dismiss both of Plaintiff's claims.  (ECF No. 8.)  First, Defendant asserts that Plaintiff's Title VII claim should be dismissed for failure

---

[1] When documents are not internally paginated, or when a single filing contains multiple documents, the Court refers to the Page Identification ("PageID") number that is located at the top right of filings made on the Case Management/Electronic Case Files system.

to state a cause of action because the claim only asserts discrimination based on a disability, which is not protected under Title VII. (See ECF No. 8-1 at 1.) Second, Defendant asserts that Plaintiff's ADA claim should be dismissed because Plaintiff failed to file his claim within the requisite ninety (90) day period following his receipt of an RTS from the EEOC. (See id. at 2.)

## II. ANALYSIS

Pursuant to federal statute,

> [a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b) (2006); accord Fed. R. Civ. P. 72(b)(3). The portions of the Report and Recommendation to which no objections were timely filed are reviewed for clear error. See Fed. R. Civ. P. 72(b) advisory committee notes (1983 Addition), Subdivision (b).

Defendant makes one objection to the Report and Recommendation, disagreeing with the Magistrate Judge's finding "that Collins' [ADA] claim should be equitably tolled and allowed to proceed despite the fact that this lawsuit was untimely." (ECF No. 16 at 2.)

3

The Court first addresses the Magistrate Judge's recommendation that Defendant's Motion to Dismiss Plaintiff's Title VII claim be granted.  The Court then addresses the Magistrate Judge's recommendation that Defendant's Motion to Dismiss Plaintiff's ADA claim be denied.

### A. Defendant's Motion to Dismiss Plaintiff's Title VII Claim Should Be Granted.

The Magistrate Judge stated that "[b]ecause [Plaintiff's] disability does not place him in a Title VII-protected status, his claim does not invoke Title VII."  (ECF No. 15 at 6.)  Neither Plaintiff nor Defendant has filed objections to the Magistrate Judge's recommendation as to the Title VII claim.[2]

On clear-error review of the Magistrate Judge's findings, the Court hereby ADOPTS the Report and Recommendation regarding Plaintiff's Title VII claim.

### B. Because Plaintiff Timely Submitted His Complaint, and this Court Extended His Deadline to Pay the Required Filing Fee, Defendant's Motion to Dismiss Plaintiff's ADA Claim as Untimely Should Be Denied.

Federal law requires claimants to file ADA claims within ninety days of receiving an RTS from the EEOC.  42 U.S.C. §§ 2000e-5(f)(1); 12117(a) (2006).  Where it is unclear when a claimant received an RTS from the EEOC, the United States Court of Appeals for the Sixth Circuit applies a presumption that the

---

[2] In fact, Plaintiff explicitly concedes the Title VII claim in his Answer to Defendant's Motion to Dismiss.  (See ECF No. 13 at 1 ("I do not oppose dismissal of the Title VII claim in my lawsuit since I have never claimed any violations of that law.").)

4

ninety-day time limit begins to run five (5) days after the notice is mailed.  See Taylor v. Dep't of Human Servs. of Mich., No. 09-CV-14639, 2010 WL 1257347, at *4 (6th Cir. Mar. 30, 2010) (citing Hunter v. Stephenson Roofing, Inc., 790 F.2d 472, 474 (6th Cir. 1986)).  Further, a complaint is deemed "'filed' only when IFP status is granted or the appropriate filing fee is paid."  Truitt v. Cnty. of Wayne, 148 F.3d 644, 648 (6th Cir. 1998).

Defendant argues that Plaintiff's ADA claim is time-barred because he failed to file this action within the requisite ninety-day period.  (See ECF No. 16 at 2-3; accord ECF No. 8-1 at 6.)  Specifically, Plaintiff stated in his complaint that he received an RTS from the EEOC on September 19, 2012 (see ECF No. 1 at PageID 2) and did not file his Complaint until December 19, 2012 (see id.).  If Plaintiff indeed received the RTS on September 19, then Defendant is correct to assert that Plaintiff's complaint "was one (1) day late."  (ECF No. 16 at 3; see also Fed. R. Civ. P. 6(a)(1).)  In Plaintiff's Answer to Defendant's Motion to Dismiss (ECF No. 13), however, he responds with the following:

> Obviously, I incorrectly stated in my complaint that I received the letter on September 19, 2012, because that was the date the letter was mailed to me by the EEOC.  I could not have received the letter the same day it was mailed.  In fact I received it several days later.  For this reason, when I filed my complaint on

5

>   December 19, 2012, I was within the ninety days of the
>   date I received the Notice of Suit Rights letter.

(ECF No. 13 ¶ 2.)

In the Report and Recommendation, the Magistrate Judge explains that it is "physically impossible" for the EEOC's letter to have been both mailed and received on the same day. (ECF No. 15 at 8.)  Without more evidence, the Court is not prepared to adopt this broad declaration; it is, of course, possible for mail to reach its recipient on the same day it is sent.  Because Defendant seeks dismissal of Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6), moreover, the Court "must accept as true all of the factual allegations contained in the complaint."  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).  Therefore, the Court accepts as true Plaintiff's assertion that he received an RTS on September 19, 2012. (ECF No. 1 at PageID 2.)

The Magistrate Judge, however, correctly applied the Sixth Circuit's presumption that the RTS was received five days from the date of its mailing.  (See id. at 8–9; Hunter, 790 F.2d at 474.)  Accordingly, Plaintiff had ninety days from September 24, 2012 – not September 19, 2012 – to file his Complaint.  In other words, Plaintiff's Complaint had to be filed by December

6

24, 2012, to meet the requisite ADA deadline.[3] Plaintiff's complaint (ECF No. 1) was submitted on December 19, 2012.

Defendant did not address the Magistrate Judge's application of the five-day presumption in its Objection to the Report and Recommendation (see ECF No. 16), and the Court finds that the presumption is directly applicable to this case. While it is true that Plaintiff's claim was not technically filed until he paid the required filing fee on January 11, 2013 – well beyond the December 24, 2012, deadline – Defendant incorrectly claims that Plaintiff's Complaint was one day late as filed on December 19, 2012. (See ECF No. 16 at 3.)

The Magistrate Judge also properly applied equitable tolling to preserve the timeliness of Plaintiff's filing in spite of his delayed payment of the $350 filing fee. (See ECF No. 15 at 10-13.)

> In determining whether equitable tolling is appropriate, [the Sixth Circuit has] consistently considered the following factors: (1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the legal requirement for filing his claim.

Taylor v. Donahoe, 452 F. App'x 614, 618 (6th Cir. 2011) (citing Dunlap v. United States, 250 F.3d 1001, 1009 (6th Cir. 2001),

---

[3] Because December 23, 2012 fell on a Sunday, Plaintiff had until the next day – Monday, December 24, 2012 – to commence a lawsuit. See Fed. R. Civ. P. 6(a)(1)(C).

7

abrogated on other grounds by Hall v. Warden, Lebanon Corr. Inst., 662 F.3d 745, 750 (6th Cir. 2011) (noting that equitable tolling in habeas cases is governed by the two-part test of Holland v. Florida, 130 S. Ct. 2549 (2010))). Although Plaintiff did not request that the Court equitably toll the filing deadline, "the [C]ourt has the authority but not the obligation to raise the equitable tolling issue sua sponte." Griffin v. Reznick, 609 F. Supp. 2d 695, 707 (W.D. Mich. 2008). "It is well established that 'filing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" Truitt, 148 F.3d at 646 (quoting Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)). Equitable tolling is sparingly applied – typically "only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 560-61 (6th Cir. 2000) (citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 151 (1984) (per curiam)). Equitable tolling is also inappropriate where a litigant misses a deadline through "'garden variety' neglect." Johnson v. U.S. Postal Serv., 64 F.3d 233, 238 (6th Cir. 1995) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Plaintiff's payment of the filing fee after the December 24 deadline cannot be attributed to neglect. The Magistrate Judge correctly states that

> [w]hen the court denied Collin's [sic] <u>in forma pauperis</u> application and ordered him to pay the required filing fee, the court allowed him thirty days from the date of the order in which to pay the filing fee. Collins diligently paid the filing fee on January 11, 2013, in compliance with the court's thirty-day requirement. <u>Had the court not told Collins that he had thirty days from December 20, 2012, in which to pay the filing fee, Collins may have timely paid the filing fee on or before December 24, 2012.</u> Instead, the court led him to believe that paying the filing fee within thirty days of the court's order was sufficient to prevent dismissal.

(ECF No. 15 at 12–13 (emphasis added).) At least two of the five equitable tolling factors weigh in Plaintiff's favor: first, Plaintiff diligently pursued his rights; and second, Plaintiff was reasonable in remaining ignorant of the impending deadline as a result of this Court's assurance of the timeliness of his claim. (<u>See</u> <u>id.</u> at 13.) Moreover, it is unclear how Defendant will be prejudiced by the application of equitable tolling in light of the fact that the instant case is only in the motion-to-dismiss stage and has not yet proceeded to discovery. Nor did Defendant indicate how it would be prejudiced in its Objection to the Report and Recommendation. (<u>See</u> ECF No. 16 at 4–5.)

The Supreme Court has explicitly stated that cases like the instant case are appropriate for equitable tolling – i.e.,

9

"where the court has led the plaintiff to believe that [he] had done everything required of [him]." Baldwin Cnty., 466 U.S. at 151 (citing Carlile v. S. Routt Sch. Dist. RE 3-J, 652 F.3d 981 (10th Cir. 1981)).  Therefore, on de-novo review of the Magistrate Judge's application of equitable tolling to Plaintiff's ADA claim, the Court hereby ADOPTS the Report and Recommendation.

### III. CONCLUSION

For the reasons stated above, the Report and Recommendation (ECF No. 15) is ADOPTED in its entirety and Defendant's Objection is OVERRULED.  Accordingly, Defendant's Motion to Dismiss (ECF No. 8) is GRANTED IN PART.  First, Defendant's Motion to Dismiss Plaintiff's Title VII claim is GRANTED.  Second, Defendant's Motion to Dismiss Plaintiff's ADA claim is DENIED.

**IT IS SO ORDERED,** this 4th day of September, 2013.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE